**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| VICKIE D. DAVIS, | |
| Plaintiff, | |
| v. | 4:19-cv-03884 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order (Dkt. #10), the Parties submit the

following Joint Discovery/Case Management Plan Under 26(f) of the Federal Rules of Civil

Procedure.

**1.      State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party:**

The parties met and conferred on January 6, 2020.  Attorney Nathan C. Volheim

represented the Plaintiff and attorney Robbie LuAnn Malone represented the Defendant.  The

parties conferred from their counsel's respective offices via telephone.

**2.      List the cases related to this one that are pending in any state of federal court with the case number and the court:**

None.

**3.      Briefly describe what this case is about:**

**Plaintiff's Position:** Plaintiff brings Count I of her Complaint alleging violations of the

Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* related to

Defendant's debt collection activity.  Plaintiff alleges Defendant violated the FDCPA by placing unwanted and harassing collection calls to her cellular phone after being told to stop.  Under Count II of Plaintiff's Complaint she alleges that the above described behavior violated the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq*.

**Defendant's Position:** This is a civil action wherein Plaintiff seeks to recover monetary damages from Defendant for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq*.(the "TDCA"). Defendant denies that it committed any violations of the FDCPA or the TDCA against Defendant as alleged in Plaintiff's Complaint.

**4.      Specify the allegations of federal jurisdiction:**

Federal question jurisdiction is based on the FDCPA pursuant to 28 U.S.C. §§1331 and 1337.

**5.      Name the parties who disagree and the reasons.**

None.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:**

None at this time.

**7.      List anticipated interventions:**

None.

**8.      Describe class action issues:**

Plaintiff does not allege class allegations at this time.

**9.      State whether or not each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete disclosures:**

Neither party has yet made 26(a)(1) disclosures as of yet.  The parties will make such disclosures by January 23, 2020.

**10.     Describe the proposed agreed discovery plan, including:**

a.  Responses to all the matters raised in Rule 26(f):  January 23, 2020.

b.  When and to whom the plaintiff anticipates it may send interrogatories:  By February 7, 2020, Plaintiff will send interrogatories to Defendant.

c.  When and to whom the defendant anticipates it may send interrogatories:  By February 7, 2020, Defendant will send interrogatories to Plaintiff.

d.  Of whom and by when the plaintiff anticipates taking oral depositions:  By August 19, 2020, Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant.

e.  Of whom and by when the defendant anticipates taking oral depositions:  By August 19, 2020, Defendant anticipates taking the deposition of Plaintiff.

f.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports:  By May 26, 2020, Plaintiff will make disclosures and provide a report under Rule 26(a)(2)(B).  By June 26, 2020, Defendant will make disclosure and provide a report under Rule 26(a)(2)(B).

g.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report):  By August 19, 2020, Plaintiff anticipates taking any expert depositions.

h.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report):  By August 19, 2020, Defendant anticipates taking any expert depositions.

i.  The submission of a Joint Pretrial Order:  By November 27, 2020, the parties will

submit a Joint Pretrial Order to the Court.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party:**

N/A.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date:**

None.

**13.     State the date the planned discovery can reasonably be completed:**

The parties anticipate completing all discovery by August 19, 2020.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:**

Plaintiff is in favor of early resolution and has tendered a settlement demand to

Defendant in furtherance of the same. Accordingly, the parties believe this matter can be

resolved after some discovery has been conducted, which will enable the parties to better

evaluate Plaintiff's claims and their respective settlement positions.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution:**

The parties have engaged in and are continuing open dialogue about the merits of

Plaintiff's allegations.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may effectively be used in this case:**

The parties are willing to participate in a settlement conference after written discovery

has been exchanged in furtherance of settlement.

**17.     Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge:**

The parties have not agreed to allow this matter to be tried before a magistrate judge..

18.     **State whether a jury demand has been made and if it was made on time:**

Plaintiff made a timely jury demand in her Complaint.

19.     **Specify the number of hours it will take to present the evidence in this case:**

The parties do not anticipate any trial lasting beyond two days or 12 hours.

20.     **List pending motions that could be ruled on at the initial pretrial and scheduling conference:**

None.

21.     **List other motions pending:**

None.

22.     **Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the Court at the conference:**

None.

23.     **List the names, bar numbers, addresses and telephone number of all counsel:**

**Nathan Charles Volheim, #6302103** (Lead Attorney)
**Taxiarchis Hatzidimitriadis, #6309225**
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 50148
Phone: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com
*Counsel for Plaintiff*

Robbie Malone, Esq.
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
Eugene Xerxes Martin, IV, Esq.
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
Jacob Michael Bach
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
MALONE FROST MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
Tel: (214) 346-2630
Email: rmalone@mamlaw.com
*Counsel for Defendant*

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,


s/ Nathan Volheim ___                            ___ January 16, 2020 ___
Counsel for Plaintiff

 /s/ Khari Ferrell                                ___ January 16, 2020 ___
Counsel for Defendant


## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on January 16, 2020, a true and correct copy of the foregoing

Joint Discovery/Case Management Plan was filed with the Clerk of Court for the United States

District Court for the Southern District of Texas using the CM/ECF system and that the document

is available online.

By_ /s/ Nathan C. Volheim